IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEANNE J. HENSLEY,** | No. 3:24-CV-01405-AB |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| **CITY OF BEND – BEND POLICE DEPARTMENT, CITY OF ASTORIA – ASTORIA POLICE DEPARTMENT, CITY OF PORTLAND – PORTLAND POLICE DEPARMENT, OREGON STATE POLICE, FEDERAL BUREAU OF INVESTIGATION, CRIMINAL DIVISION, US ATTORNEY OFFICE, PORTLAND DIVISION, OREGON DEPARTMENT OF HUMAN SERVICES, OFF. OF ADMIN. HEARINGS, and OREGON DOJ CIVIL ENFORCEMENT DIVISION,** | |
| Defendants. | |

**Baggio, J.**,

Pro se Plaintiff Leanne J. Hensley has filed a Complaint, [ECF 1], against multiple defendants—the Cities of Bend's, Astoria's, and Portland's Police Departments, the Oregon State Police, the Federal Bureau of Investigation, the Criminal Division of the Portland United States Attorney's Office, the Oregon Department of Human Services Office of Administrative Hearings, and the Oregon DOJ Civil Enforcement Division, and she seeks leave to proceed in forma pauperis,

1 – OPINION AND ORDER

[ECF 2]. Plaintiff has established that she has minimal income and assets. Accordingly, the Court grants her motion to proceed in forma pauperis. As explained below, however, the Court dismisses her Complaint with prejudice.

## LEGAL STANDARDS

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an informa pauperis complaint that fails to state a claim"); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § (e)(2)(B) are not limited to prisoners"). The statute gives the district the power to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Section 1915(e) allows a district court to dismiss an informa pauperis complaint that fails to state a claim with leave to amend. *Lopez*, 203 F.3d at 1130. And the general rule is that a district court should grant leave to amend even if no request to amend was made unless it determines that it is impossible to cure the pleading defects. *See id.*; Fed. R. Civ. P. 15(a).

## DISCUSSION

The Court finds Plaintiff's allegations "irrational and wholly incredible." *Denton*, 504 U.S. at 33. Her Complaint alleges, among other things, "Moral Injury from coordinated Ethnic Cleansing & Eugenics Torture during a 2019 Swatting Crime," and "Whistleblower

Retaliation/Racial Targeting to the Low-Caste Indian business Owner and Credentialed professional, causing Active Sextortion Trafficking and Wire Fraud via Interstate Domestic Violence." Compl. [ECF 1] 5, 6, 8, 12. She alleges that "the current owners of Blaylock's Whiskey Bar are operating a[n] International Criminal Prostitution Network." *Id.* at 13. She appears to claim that the Defendant state and federal agencies have failed to take action to stop alleged "Active Human Trafficking, across state lines," racial discrimination, and hate crimes. *See e.g.*, *id.* at 8, 9, 10, 11, 12. Plaintiffs other allegations include "Trade Secrets Theft," "Damages to all Electronics containing Brady EDISCOVERY needing replacement," and "extort[ion] for business fees from the Victim of all manners of Stalking & Domestic Violence." *Id.* at 6, 11, 12. Plaintiff references various treaties and federal statutes under her claim for relief, including the United Nations Convention Against Torture, 18 U.S.C § 2421, 18 U.S.C §§ 1961–1968, 42 U.S.C. § 2000e-5(g)(1); and 42 U.S.C. § 1981(a).

A search of this Court's CM/ECF system reveals that Plaintiff filed seven prior complaints against some of the same defendants and with identical (or very similar) allegations to the ones that she makes in her current Complaint; all of which were dismissed for failure to state a claim after chances to amend. *See generally Hensley v. Nike et al.*, 3:20-cv-00791-JR; *Hensley v. ZGF Architects, Inc.*, 3:20-cv-00793-JR; *Hensley v. Or. Dept. of Justice*, 3:20-cv-00859-JR; *Hensley v. Agorapulse, Inc.*, 3:20-cv-01539-HZ,[1] *Henlsey v. Blaylock's Whiskey Bar, et al.*, 3:24-cv-1404-AB. For example, Plaintiff's previous complaints included swatting crime allegations like the ones that she makes here. *See, e.g.*, 3: 20-cv-00791-JR, Compl., [ECF 1] 5 (allegations regarding "contributor to a Swatting Crime with ZGF Architects / Oregon DOJ /Gov. Kate Brown"); *Hensley*

---

[1] The last two of Plaintiff's six prior cases—*Hensley v. Agorapulse, Inc.*, 3:20-cv-01540-HZ; *Hensley v. Agorapulse, Inc.*, 3:20-cv-01541-HZ—were consolidated with lead case *Hensley v. Agorapulse, Inc.*, 3:20-cv-01539-HZ. Order, [ECF 20].

3 – OPINION AND ORDER

*v. Agorapulse, Inc.*, 3:20-cv-01539-HZ, Op. and Order, [ECF 73] 2 (citing Plaintiff's allegations that Mike Angiletta's participation in a "vetted swatting crime" caused her harm). And Plaintiff has previously made allegations about "sextortion," sex trafficking, wire fraud, domestic violence, and racism *See e.g., Hensley v. Blaylock's Whiskey Bar, et al.,* 24-cv-1404-AB, Compl. [ECF 1]; *Hensley v. Agorapulse, Inc.*, 3:20-cv-1539, Am. Compl. [ECF 23] (alleging Angiletta would subject her to various harms if she did not agree to an "intimate personal relationship with him"); *Hensley v. The Oregon Department of Justice*, 3:20-cv-859-JR (alleging employment discrimination based on "severely Structured Racism"). The orders dismissing Plaintiff's prior amended complaints describe her claims as "inherently incredible," *Hensley v. Agorapulse, Inc.*, 3:20-cv-01539-HZ, Op. and Order, [ECF 73] 5, and implausible. *Hensley v. Agorapulse, Inc.*, 3:20-cv-01541-HZ, Op. and Order, [ECF 5] 3.

While mindful that dismissal with prejudice, especially of a pro se plaintiff's complaint, is generally disfavored, *Lopez*, 203 F.3d at 1130–31, after careful consideration, the Court is convinced that the facts alleged in Plaintiff's Complaint are "clearly baseless." *Denton*, 504 U.S. at 32. Plaintiff's allegations are more than unlikely or improbable, they are irrational. *See id.* at 33. And based on the Plaintiff's history of filing similar lawsuits in this District that were ultimately dismissed after chances to amend, the Court finds that it is absolutely clear that no amendment can cure the defects in her current Complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is convinced that there are no additional facts or claims that Plaintiff could allege that would make her Complaint merely improbable instead of irrational. *See Denton*, 504 U.S. at 33.

4 – OPINION AND ORDER

## CONCLUSION

Plaintiff's in forma pauperis application, [ECF 2] is GRANTED, and her Complaint, [ECF 1], is DISMISSED with prejudice. Plaintiff's Application for CM/ECF Registration as a Self-Represented Party. [ECF 4] is DENIED as moot.

IT IS SO ORDERED.

DATED this __15th__ day of October, 2024.

_____
Amy M. Baggio
United States District Judge

5 – OPINION AND ORDER